**United States District Court**
For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   HEIDI PICKMAN, acting as a private Attorney          No. C 11-05326 WHA
     General on behalf of the general public of the
11   state of California,
12              Plaintiff,                                **ORDER GRANTING
                                                         MOTION TO DISMISS**
13      v.
14   AMERICAN EXPRESS COMPANY;
     AMERICAN EXPRESS TRAVEL RELATED
15   SERVICES, INC.; AMERICAN EXPRESS
     CENTURION BANK; and AMERICAN
16   EXPRESS BANK, FSB,
17              Defendants.
18   _____/
19
                              **INTRODUCTION**
20
21          In this action for violation of California's Consumers Legal Remedies Act, defendants

     move to dismiss. For the following reasons, defendants' motion is **GRANTED**.

22                            **STATEMENT**
23          Plaintiff Heidi Pickman, a resident of Oakland, is a current American Express credit card
24   holder and uses it for personal use. Defendant American Express Company, based in New York,
25   is a parent company of American Express Travel Related Services Company (located in New
26   York), which is a parent of American Express Centurion Bank (located in Utah), which is in turn
27   a parent of American Express Bank, FSB (located in New York). These affiliated companies
28   provide various services beyond extending credit, including travel assistance and identity theft

     protection (Compl. ¶¶ 1, 7–10).

**United States District Court**
For the Northern District of California

In order to fully benefit from these services, patrons must occasionally call defendants' support centers.  During these calls, customers invariably provide their personal financial information, at times contained in electronic transmissions.  Plaintiff entrusted this information to defendants, believing that it was safeguarded from government intrusion.  She was not informed, however, that these communications were being made to foreign-based call centers, staffed for the most part by foreign nationals.  Defendants had created a seamless customer experience where local area code calls were transferred as far as India and New Zealand.  And because these international conversations were not subject to the same constitutional protections against warrantless searches and seizures as national calls, plaintiff's telecommunications and data transfers were subject to unimpeded interception by the United States government (*id*. at ¶¶ 35–47, 50, 55).

In June 2011, plaintiff filed an action in California Superior Court alleging violations of the California and federal constitutions.  After that action was removed to federal court, plaintiff dismissed the claim.  In August 2011, plaintiff joined a class of plaintiffs in another suit, again based on the calls made to overseas American Express support centers, in the United States District Court for the District of Columbia.  A month later she voluntarily dismissed that claim.

Plaintiff first filed suit herein in California Superior Court in Alameda County in August 2011, on behalf of herself and the people of California, for eight violations of California's Consumers Legal Remedies Act, alleging that defendants' unfair and deceptive practices had resulted in an unlawful sale of services.  Plaintiff seeks compensatory and punitive damages and injunctive relief, as well as attorney's fees, for each of the at least 5,001 calls that have been made to defendants' overseas call centers.  In November, defendants removed the action to federal court, pursuant to the Class Action Fairness Act.  One week later, defendants moved to dismiss. In her opposition to the motion to dismiss plaintiff contends that removal was improper.  This order follows full briefing.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**1.     REMOVAL JURISDICTION.**

A defendant may remove any civil action, including a class action, from state to federal court, so long as the federal district court has original jurisdiction and there is no specific act of Congress stating otherwise. 28 U.S.C. 1441(a), 1453. Federal district courts have original jurisdiction over class actions in which the amount of controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a different state from any defendant. 28 U.S.C. 1332(d)(2). Under the Class Action Fairness Act, a class action is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. 1332(d)(1)(B). The CLRA is substantially "similar" to Rule 23 such that claims brought under the CLRA on behalf of other consumers are class actions. Indeed, pertinent sections of these two statutes are nearly indistinguishable. CAL. CIV. CODE 1781(b); Fed. R. Civ. P. 23.

Plaintiff's class action claim is subject to federal court original jurisdiction. Plaintiff seeks relief on behalf of a putative class — members of the California public who are American Express cardholders. The amount in controversy is satisfied by multiplying the minimum amount of damages to be sought under the CLRA ($1,000) by the number of alleged violations (5,001). Defendants, headquartered in New York and Utah, are located in different states from plaintiff

(in California) such that diversity of citizenship exists.  Accordingly, this is a class-action suit properly removed to federal court.

Plaintiff counters that her claim is not an attempted class action so that the amount in controversy is a mere $8,000 — the minimum amount of damages allowable under the CLRA multiplied by the number of statutory violations.  Yet if plaintiff is seeking relief on behalf of others, as she purports to do, she fails to take into account the damages of other cardholders or callers.  Plaintiff also states that she sued not as a class member but as a private attorney general on behalf of the California people.  There is no provision in the CLRA allowing that type of suit.  And while plaintiff begins her complaint determined to make clear that she "does *not* bring the causes of action herein as a class action," she immediately thereafter argues that the California court should adjudicate violations of the CLRA "as class actions" (*id.* ¶¶ 4, 24).

In a last ditch effort, plaintiff concentrates her fire on defendants' "misleading" and "disingenuous" omission of *Stein v. American Express Travel Related Services*, in which the United States District Court of the District of Columbia remanded a somewhat similar claim back to the District of Columbia Superior Court.  2011 WL 108614 4430855, 11-1384 (D.D.C. Sept. 23, 2011).  That holding is clearly inapposite, as the unique District of Columbia statute there at issue had a provision authorizing representative actions as "a separate and distinct procedural vehicle from a class action," and thus allowed suits by private attorney generals.  *Stein* at *3.

Because this class action has been removed to federal court and plaintiff has not provided a scintilla of relevant authority as to the impropriety of removal, this Court has subject-matter jurisdiction.

**2.    RES JUDICATA.**

Under Rule 41, a plaintiff may dismiss an action without a court order before the defendant serves either an answer or a motion for summary judgment, but "if the plaintiff previously dismissed any federal — or state — court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  Fed. R. Civ. P. 41(a)(1). A voluntary dismissal of a second action, therefore, operates as a dismissal on the merits if the plaintiff has already dismissed an action involving the same claims.  *Commercial Space Mgmt.*

*Co. v. The Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999). This rule is intended to "eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived, requiring him to permit the action to be dismissed and another one commenced at leisure." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 397 (1990).

In our court of appeals, Rule 41(a)(1) dismissal is determined by application of the *res judicata* doctrine. *Commercial Space Mgmt. Co.*, 193 F.3d at 1080. This doctrine "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001). A judgment in a previous suit serves as a bar to litigation of a claim "if the prior adjudication (1) involved the same claims as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies." *Id*. at 713.

This is plaintiff's third lawsuit of the year. In May 2011, Charles Aneke filed an action against all defendants except the American Express Company in the United States District Court for the District of Columbia, citing violations of the federal Right to Financial Privacy Act. *Charles Aneke, et al. v. American Express Travel Related Services, Inc., et al.*, 11-01008 (D.D.C. filed May 31, 2011). Plaintiff was added in Aneke's first amended complaint in August. In September, plaintiff voluntarily dismissed her claims pursuant to Rule 41. In June, plaintiff filed an action in California Superior Court, also against all defendants except the American Express Company, claiming violations of the California and federal constitutions. *Heidi Pickman v. American Express Company, et. al.*, No. RG11592124 (Cal. Super. Ct. filed Aug. 24, 2011). Defendants then removed the action to federal court. The next month, plaintiff again voluntarily dismissed her claim pursuant to Rule 41 (Exhs. A–F). As in these prior actions, plaintiff again asserts claims arising out of defendants' alleged practice of transmitting communications and financial data to its foreign-based support centers. The combination of these three suits invokes *res judicata*.

**United States District Court**
For the Northern District of California

1             **A.**     **Same Claims.**

2         To determine whether claims are the same for *res judicata* purposes, our court of appeals

3 considers: "(1) whether the two suits arise out of the same transactional nucleus of facts;

4 (2) whether the rights or interests established in the prior judgment would be destroyed or

5 impaired by prosecution of the second action; (3) whether the two suits involve infringement

6 of the same right; and (4) whether substantially the same evidence is presented in the two

7 actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

8               *(1)*     *Same Transactional Nucleus of Facts.*

9         Two suits are based on the same transactional nucleus of facts if they are "related to the

10 same set of facts and can be conveniently tried together." *Id.* at 987. This criterion is "outcome

11 determinative" and can be the "exclusive factor to bar a second claim under *res judicata*." *Id.*

12 at 988. Additionally, "it is immaterial whether the claims asserted subsequent to the judgment

13 were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether

14 they could have been brought." *Torn Ranch, Inc. v. Sunrise Commodities, Inc.*, 2009 WL

15 2834787 at *3 (N.D. Cal. Sept. 3, 2009) (Patel, J.).

16         All of plaintiff's claims arose from the same nucleus of facts — the practice of

17 transferring customer service telephone calls to overseas call centers. Surprisingly, despite

18 arguing that the facts between the cases are dissimilar, plaintiff has copied almost verbatim a

19 single statement of facts into all three complaints.

20         Plaintiff emphatically asserts that her first two claims are distinct, as the California suit

21 pertained to defendants' misrepresentation as to where her calls were going and the District of

22 Columbia suit focused only on what defendants were doing with the information. This is a

23 distinction without a difference. Each alleged deception and its accompanying data transmittal

24 occurred during the same communication.

25         Furthermore, plaintiff's initial California claim and District of Columbia claim could

26 easily have been tried together. The Federal Right to Privacy Act does not provide for exclusive

27 federal jurisdiction for litigation under that act. Plaintiff therefore could have alleged this federal

28 law claim in her initial California suit, even before it was removed to federal court. Likewise,

1   plaintiff's CLRA claim could have been brought in the District of Columbia suit under that

2   federal district court's supplemental jurisdiction, since the CLRA claim is part of the same "case

3   and controversy" as her Federal Right to Privacy Act claim. 28 U.S.C. 1367(a). The fact that

4   plaintiff has tried to split her claims across both federal and state court does not alter the

5   conclusion that this action is barred under Rule 41.

6                        *(2)      Infringement of the Same Right.*

7           Two different causes of action "are the same claim if they rise from the same invasion

8   of a primary right. A plaintiff's primary right is the right to be free from particular injury,

9   regardless of the legal theory on which liability for the injury is based." *Adam Bros. Farming,*

10  *Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010). All three of plaintiff's suits

11  allege the same infringement of the basic right to privacy and freedom from governmental

12  intrusion. Plaintiff attempts to hide this factor from plain sight by asserting that the California

13  suit claims violations of state law while the federal suit focuses on federal law, and therefore

14  attempt to vindicate different rights. This argument is not only unsupported by authority but also

15  flies

16  in the face of Rule 41. Plaintiff either ignores or overlooks the fact Rule 41 allows dismissal

17  of any "federal — or state — court action," but does not allow the same claim to be brought up

18  a third time. It seems plaintiff forgot to kick the tires before taking her suit on the road.

19                       *(3)      Same Evidence.*

20          When claims arise out of the same occurrence, the evidence is invariably "virtually

21  identical" in the two actions. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir.

22  1982). Because, plaintiff argues, the facts in the California and federal claims were

23  fundamentally disparate, she would have, in federal court, narrowed her evidence to defendants'

24  handling of the financial records, while at the state level would have limited evidence to the

25  communications themselves. This argument suffers the same infirmities and is equally toothless

26  as her argument regarding the transactional nucleus of facts. Plaintiff's attempts to show that

27  these three claims are not for all intents and purposes identical is an exercise in nailing a drop of

28  water to the wall.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.       Final Judgment.

As discussed, voluntarily dismissing a second action operates as a dismissal on the merits if plaintiff has already dismissed an action involving the same claims.  Plaintiff's dismissal of her federal claim in the District of Columbia operated as an adjudication on the merits under Rule 41. It is irrelevant that the federal claim continued on behalf of Charles Aneke and other plaintiffs, as a dismissal focuses on the individual plaintiff, not the action as a whole.  *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991).  Plaintiff ignores this factor.

### C.       Same Parties or Privies.

There is clear identity and privity between the parties involved in all three litigations. Pickman is the plaintiff in each.  Defendants American Express Travel Related Services, American Express Centurion Bank, and American Express, FSB are defendants in every suit. American Express Company is in privity as a parent of the other businesses.  Rule 41 and *res judicata* apply not only to named parties but also to those in privity or "substantially the same" as the parties to the dismissed action, which includes parent companies and wholly-owned subsidiaries.  *Lake at Las Vegas Investors Group, Inc*., 933 F.2d at 728.  Because plaintiff brought and subsequently dismissed two identical suits against American Express Company's subsidiaries, Rule 41 and *res judicata* bar plaintiff from bringing the same claim against American Express Company.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**.  Leave to amend would be futile.  Judgment shall be entered for all defendants.

**IT IS SO ORDERED.**

Dated:  January 27, 2012.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE