1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HEIDI PICKMAN, Acting as private attorney
general on behalf of the general public of the state
of California,

        Plaintiff,

  v.

AMERICAN EXPRESS COMPANY,
AMERICAN EXPRESS TRAVEL RELATED
SERVICES, INC, AMERICAN EXPRESS
CENTURION BANK, and AMERICAN
EXPRESS BANK, FSB,

        Defendants.

—————————————————/

No. C 11-05326 WHA

**ORDER REGARDING
ENTITLEMENT TO
ATTORNEY'S FEES AND
COSTS AND VACATING
HEARING**

**INTRODUCTION**

      In this action for violation of the California Consumers Legal Remedies Act, defendants'

motion to dismiss was granted on the grounds that plaintiff's claims were barred by Federal Rule

of Civil Procedure 41 and *res judicata*.  Defendants now move for an award of attorney's fees

and costs, in the amount of $51,157.10.  Plaintiff opposes.  To the extent stated below, the

motion is **GRANTED**.  Defendants filed a motion to strike a declaration submitted by plaintiff.

The declaration is **STRICKEN**.  Plaintiff filed an objection to reply evidence submitted by

defendant.  The objection is **DENIED AS MOOT**.

**STATEMENT**

      Within a span of a few months, plaintiff filed three actions asserting claims arising out of

defendants' alleged practice of transmitting customer communications and financial data to its

foreign-based call centers. Plaintiff was represented by counsel in all three actions. The instant action was the third-filed action. The actions are as follows. In June 2011, plaintiff filed an action on behalf of herself and others similarly situated in California Superior Court in Alameda County, alleging violations of California law. Plaintiff voluntarily dismissed the action after defendants removed it to federal court. Plaintiff joined a class of plaintiffs in another suit filed in the United States District Court for the District of Columbia, for which a first amended complaint was filed in August 2011, alleging violations of federal law. A month later, plaintiff voluntarily dismissed her own claim in that action. Also in August 2011, plaintiff filed the instant action in California Superior Court in Alameda County, on behalf of herself and the people of California, alleging eight violations of the California Consumers Legal Remedies Act.

Defendants American Express Company, American Express Travel Related Services Company, Inc., American Express Centurion Bank, and American Express Bank, FSB, moved to dismiss the instant action on the grounds that Rule 41(a) and the doctrine of *res judicata* compelled dismissal.

By order dated January 27, 2012, defendants' motion to dismiss was granted on the grounds that plaintiff's action was barred by Rule 41(a) and the doctrine of *res judicata*. The order concluded that "[a]ll of plaintiff's claims arose from the same nucleus of facts — the practice of transferring customer service telephone calls to overseas call centers." It further found that "[a]ll three of plaintiff's suits allege the same infringement of the basic right to privacy and freedom from governmental intrusion." The order concluded "[b]ecause plaintiff brought and subsequently dismissed two identical suits against American Express Company's subsidiaries, Rule 41 and *res judicata* bar plaintiff from bringing the same claim against American Express Company" (Dkt. No. 24 at 6–8). The motion to dismiss was granted without leave to amend and judgment was entered in favor of all defendants. On February 25, 2012, plaintiff appealed the final judgment granting defendants' motion to dismiss (Dkt. No. 30).

This order considers only whether defendants are entitled to attorney's fees and costs. The order concludes they are. An order filed concurrently herewith sets forth the procedure to be used to determine the amount of the award.

2

**ANALYSIS**

**1.    ATTORNEY'S FEES.**

The California Consumers Legal Remedies Act provides that, "[r]easonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." CAL. CIV. CODE § 1780(e).

**A.    Prevailing Party.**

The CLRA attorney's fee provision does not define prevailing party. Thus, courts have used a pragmatic approach to determine prevailing party status based on which party succeeded on a practical level. Under this approach, courts exercise discretion to determine the prevailing party by analyzing which party achieved its litigation objectives. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150 (2006); *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 179 (2007).

Plaintiff contends that defendants are not entitled to attorney's fees under Section 1780(e) because plaintiff's lawsuit was dismissed under Rule 41(a). Plaintiff cites no law in support of this bare assertion. Even if Section 1780(e) applies, plaintiff further argues that defendants are not the prevailing party and that a litigant who prevails under Section 1032, the cost statute, is not necessarily the prevailing party for purposes of attorney's fees. *See Heather Farms Homeowners Ass'n v. Robinson*, 21 Cal. App. 4th 1568, 1572 (1994). Section 1032(a)(4) states that a "defendant in whose favor a dismissal is entered" is a prevailing party. Plaintiff is correct that a defendant who obtains a dismissal is not necessarily the prevailing party under Section 1780(e) by virtue of obtaining a dismissal. Certainly, this does not mean that a defendant who has obtained a dismissal cannot ever be the prevailing party.

Here, defendants obtained dismissal and received a judgment in their favor. Defendants successfully removed the action to federal court. Plaintiff failed in maintaining state court jurisdiction, one of plaintiff's stated litigation objectives. Leave to amend was denied. Thus plaintiff is deprived of the opportunity to amend her complaint. Indeed, defendants obtained a judgment in their favor, preventing plaintiff from further prosecuting this action against them. Plaintiff argues that defendants did not prevail because even though plaintiff "might be

United States District Court

For the Northern District of California

precluded from bringing any claims based on the facts contained in the purportedly third-filed complaint, not a single fact, not a single issue of law has been decided in the action" (Surreply Br. 5). As a result of the dismissal without leave to amend, plaintiff cannot sue these defendants again on her CLRA claims. The fact that others may at some point seek to bring the same claims, which are based on new legal theories, as plaintiff did, and would not be barred from doing so, does not mean that defendants failed to achieve their litigation objective in this action. They did not. Thus, the order concludes that defendants were the prevailing party.

**B.      Prosecution of the Action Was Not in Good Faith.**

A trial court may award reasonable attorney's fees "to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." CAL. CIV. CODE § 1780(e). Courts have construed this language to require a finding of "subjective bad faith" *Corbett v. Hayward Dodge*, 119 Cal. App. 4th 915, 924 (2004) (interpreting the meaning of "not in good faith," as a matter of first impression). The moving party, here defendants, have the burden of proof.

When considering whether "the action was not in good faith," the court may consider "evidence of an improper motive [which] may be established by the circumstances." *Id.* at 926. A court may infer that an action was taken in bad faith. Indeed "[w]hen a tactic or action utterly lacks merit, a court is entitled to infer the party knew it lacked merit yet pursued the action for some ulterior motive." *Id.* at 926, 928. Here, plaintiff's tactics utterly lacked merit.

Defendants argue that plaintiff's subjective bad faith can be inferred "because, within a span of a few months she filed, voluntarily dismissed and re-filed three actions (including this patently frivolous action) in multiple jurisdictions asserting the same claims against American Express (in conjunction with two other identical actions filed by her attorneys in other jurisdictions)" (Reply Br. 5). Appended to plaintiff's opposition is a declaration from counsel wherein he states that in bringing multiple actions, "the undersigned, [plaintiff's counsel], was determined to maintain a state court forum for their state causes of action" (Hennessey Decl. ¶ 9). He further states that "[a]ll of the decisions with respect to the filing, amending, and refilling [sic] of Ms. Pickman's complaint were motivated by the legal strategy of obtaining a state court

4

forum for the consideration of Ms. Pickman's claims" (*id.* at ¶ 35).  This is evidence of an "ulterior motive."  By counsel's own admission, he filed the instant action to engage in forum shopping.  Forum shopping is disfavored.  *See 24 Hour Fitness USA, Inc. v. Apex Stores, LLC,* 2008 WL 4155598, at *1 (N. D. Cal. 2008) (Armstrong, J.) (dismissing declaratory judgment action because plaintiff "filed this anticipatory suit in bad faith for the sole purpose of forum shopping").  Plaintiff has put forward no declaration indicating her counsel was acting outside the scope of what she authorized, so there is no reason to believe he was.

Furthermore, defendants contend that a finding of subjective bad faith is warranted because the instant action was barred by Rule 41(a).  The order of dismissal concluded, plaintiff's "argument is not only unsupported by authority but also flies in the face of Rule 41(a).  Plaintiff either ignores or overlooks the fact [that] Rule 41 allows dismissal of any federal — or state — court action, but does not allow the same claim to be brought up a third time," as plaintiff has done (Dkt. No. 24 at 7).  Although plaintiff does not admit to having filed the instant action with disregard for Rule 41 — still it is hard to believe that counsel would have failed to realize this obvious bar to bringing the instant action, which brought the same claims, by the same plaintiff, against substantially the same parties, alleging infringement of the same right, as two previous actions that plaintiff had voluntarily dismissed— by plaintiff's counsel's own admission, the instant action — the third-filed action —  was filed in order to secure a more favorable forum for plaintiff.

Relying on a decision from a California court of appeal, plaintiff argues that bad faith is more than bad judgment or negligence.  In *Smith v. Selma Cmty. Hospital*, 188 Cal. App. 4th 1, 35 (2010), the court analyzed California Business and Professions Code Section 809.9, which provides that the court shall award attorney fees "to a substantially prevailing party" in a peer review lawsuit "if the other party's conduct in bringing, defending, or litigating the suit was frivolous, unreasonable, without foundation, or in bad faith."  *Smith*, 188 Cal. App. 4th at 34.  The court stated that bad faith "implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will."  *Ibid.*  The

1   court went on to conclude that "conduct is improperly motivated for purposes of a bad faith

2   standard under Section 809.9 if it involves actual malice [or] ill will. *Id.* at 35.  There is no

3   indication that malice or ill will is required for a finding of bad faith under Section 1780(e).

4   Indeed, the court's holding in *Smith* was specific to Section 809.9.

5        Defendants have made a showing of subjective bad faith based, in large part, on

6   plaintiff's counsel's own admission of the ulterior motive in filing the three actions addressed

7   herein, the third of which was found to be filed in contravention of Rule 41 and the doctrine of

8   *res judicata*.  Thus, defendants are entitled to attorney's fees under Section 1780(e).

9        **2.**   **COSTS.**

10       A prevailing party is ordinarily entitled to recover costs.  "Unless a federal statute, these

11   rules, or a court order provides otherwise, costs — other than attorney's fees — should be

12   allowed to the prevailing party."  F.R.C.P. 54(d).  Our court of appeals has stated that "a

13   dismissal with prejudice is tantamount to a judgment on the merits."  *Zenith Ins. Co. v. Breslaw*,

14   108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mexican-Am.*

15   *Educators v. California*, 231 F.3d 572 (9th Cir. 2000).  Defendants are the prevailing party and

16   are, therefore, entitled to costs.

17        **3.**    **MOTION TO STRIKE AND EVIDENTIARY OBJECTION.**

18       Defendants filed an objection to and motion to strike the declaration of Joseph Hennessey

19   filed March 6, 2012 (Dkt. No. 39).  Defendants object to the declaration on the ground that it was

20   filed in violation of Civil Local Rule 7-3(d), which provides, "[o]nce a reply is filed, no

21   additional memoranda, papers or letters may be filed without prior Court approval," except in

22   specified circumstances, such as when new evidence has been submitted in the reply.  The reply

23   brief was filed on March 2.  The declaration was filed on March 6.  Plaintiff filed an objection to

24   reply evidence pursuant to Rule 7-3(d)(1).  The objection does not reference the Hennessey

25   declaration, which was filed in addition to the objection.  Rule 7-3(d) does not permit the filing

26   of a declaration in addition to the objection.  Moreover, the content of the declaration exceeds

27   the scope of what is addressed in the objection.  Thus, the Hennessey declaration filed on March

28   6, is hereby **STRICKEN**.  Defendants also move to strike the declaration on the grounds that it

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    incorporates settlement discussions in violation of Federal Rule of Evidence 408. Because the

2    declaration is stricken as having been filed in violation of Rule 7-3(d), the order need not

3    consider whether it should be stricken pursuant to Rule 408.

4         On March 6, plaintiff filed an objection to reply evidence, namely a letter submitted by

5    defendants to the Court on March 2, for *in camera* review (Dkt. No. 35). The letter included an

6    abstract of defense counsel's contemporaneous time records reflecting the costs and fees billed

7    to American Express in connection with defense counsel's firms' representation of defendants in

8    this matter. The order does not, at this time consider the amount of fees and costs to be awarded.

9    Thus, the objection is **DENIED AS MOOT**.

10                           **CONCLUSION**

11         The parties shall proceed in accordance with the order regarding attorney's fees and costs

12    filed concurrently herewith. The hearing set for April 19, 2012 is hereby **VACATED**.

13

14         **IT IS SO ORDERED.**

15

16    Dated: April 17, 2012.

                                            _____

17                                         WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28